No. 35,413

ANNA MAE BROYLES, *Appellant,* v. THE ORDER OF UNITED COM-
MERCIAL TRAVELERS OF AMERICA, *Appellee.*

(126 P. 2d 212)

Opinion on rehearing filed June 6, 1942. (For original opinion of reversal see ante, p. 74, 122 P. 2d 763.)

*Leslie H. Cable,* of Chanute, and *W. K. Thompson,* of Topeka, argued the cause for the appellant.

*T. R. Evans,* of Chanute, and *E. W. Dillon,* of Columbus, Ohio, argued the cause, and *Robert N. Allen,* of Chanute, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: In the original decision and opinion of this court the judgment of the trial court in favor of the defendant was reversed and the cause remanded with instructions to vacate the judgment and overrule the demurrer to plaintiff's evidence (155 Kan. 74, 122 P. 2d 763). The plaintiff having filed its motion for a rehearing and for final judgment in her favor on account of a stipulation between the parties filed in the district court, this court ordered a rehearing limited solely to whether judgment should be rendered on the stipulation.

In our original opinion brief reference is made to the stipulation. Omitting signatures of counsel, the entire stipulation reads:

"It is hereby stipulated by and between attorneys for plaintiff and defendant that at the second trial of this action a jury may be and is hereby waived.

"It is further stipulated by and between counsel for the parties that a transcript of the record of the trial of this action had before the Honorable J. T. Cooper at the October, 1940, term of the district court within and for Neosho county, Kansas, on the second day of December, 1940, commencing on page 1 of said transcript and ending at: 'Mr. Evans: We stand on the demurrer,' on page 58 of said transcript, together with the exhibits as identified in said record and pleadings, shall constitute all of the evidence and all of the proceedings taken at the retrial of this action, and that the case shall be submitted to the court upon the defendant's demurrer to the plaintiff's evidence as shown on pages 56 and 58 of the record."

At the argument on rehearing we were advised the stipulation was prepared by the general counsel of the defendant corporation. While there is some dispute as to just what was intended, we are of opinion the stipulation is unambiguous. Under it a certain part of an identified transcript of a trial before the Honorable J. T. Cooper, with the exhibits and the pleadings "shall constitute all of the evidence and all of the proceedings taken at the retrial . . . and . . . the case shall be submitted . . . upon the defendant's demurrer . . ."

It will be observed that under the stipulation, trial by jury was waived. Taken in connection with other parts of the stipulation, this tends toward a conclusion the case was being finally submitted on a question of law. The affirmative provision is that the transcript and exhibits identified "shall constitute all of the evidence," and that the case should be submitted upon the defendant's demurrer. The demurrer was the one referred to in the stipulation. There is no provision in the stipulation that if the demurrer be overruled, the defendant could offer any evidence in support of its affirmative defense, nor that in such case plaintiff could offer evidence in rebuttal. If the defendant desired the right to proceed further, if its demurrer were not sustained, the stipulation should have so provided. In our opinion, the parties agreed the case should be submitted on the stipulated evidence and the defendant's demurrer thereto, and that the ruling on the demurrer should be final and decisive.

Our original opinion and decision is therefore modified to read as follows:

The ruling of the trial court on the demurrer and its judgment in favor of the defendant are reversed, and the cause is remanded with instructions to overrule the demurrer and to render judgment in favor of the plaintiff and against the defendant.

WEDELL, J., not sitting.